UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 9, 2006[*]
Decided April 4, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3136

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>STANLEY GILBERT,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division<br><br>No. IP 02-178-CR-01-M/F<br><br>Larry J. McKinney,<br>*Chief Judge.* |

## O R D E R

This is Stanley Gilbert's second appeal to this court.  In his first he challenged his convictions under 18 U.S.C. § 922(g)(1) for possession of a firearm and ammunition by a felon.  We reversed those convictions and remanded for a new trial because we determined that hearsay evidence had been wrongly admitted at his trial.  *United States v. Gilbert*, 391 F.3d 882, 888 (7th Cir. 2004).  The government has since obtained a superseding indictment and seeks to retry Gilbert for possessing the same firearm on a different date.  Gilbert moved to dismiss the

---

[*]  After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

superseding indictment on the grounds, reasserted in this interlocutory appeal, that a trial on the new indictment would violate the Double Jeopardy Clause of the Fifth Amendment and the "law of the case" doctrine.

On November 20, 2002, police in Indianapolis, Indiana, responded to a report that several shots had been fired. At the scene, police spoke with Rodney Myles, the brother of an ex-boyfriend of Gilbert's daughter. Myles testified at trial that Gilbert came to his house well after midnight to talk to his brother but drove away firing into the air when Myles said his brother was sleeping. Six days later, on November 26, police officers and federal agents executed a warrant to search the home of Gilbert's wife, Sherese, who had maintained her own residence since the couple separated in August 2002. They found Gilbert standing in the doorway to the master bedroom unclothed. They also discovered a loaded pistol, registered to Sherese, in the master bedroom in a pouch between the dresser and a wall. A key located in a pink and white box containing hair clips on Sherese's dresser unlocked a closet where the box for the pistol and more ammunition were stored. Police spoke with Sherese at the time of the search and tape-recorded part of their conversation in which she stated that only she and Gilbert knew about and had access to the gun and ammunition. She also said that the gun had been missing from its pouch on November 20 after a visit by Gilbert and that it reappeared only after he visited again. Additionally, forensic testing performed on shell casings recovered from the scene of the shooting determined that those shells were fired from the pistol recovered at Sherese's house.

The government initially obtained an indictment charging Gilbert with possessing the firearm and ammunition "on or about November 26," the date that police searched Sherese's house. When the case went to trial, Sherese invoked marital privilege and refused to testify. Her silence prompted the government to seek to admit her tape-recorded statements connecting Gilbert to the gun. The district court admitted the statements, and a jury found Gilbert guilty.

In his first appeal Gilbert argued, and the government conceded, that in light of *Crawford v. Washington*, 541 U.S. 36 (2004), the admission of Sherese's statements without an opportunity for Gilbert to cross-examine her violated his rights under the Confrontation Clause. We agreed. *Gilbert*, 391 F.3d at 886. Because the government maintained that the error was harmless, we went on to analyze whether it could be said, beyond a reasonable doubt, that the admission of Sherese's statements did not contribute to the guilty verdicts. *Id*. at 884; *see Chapman v. Cal.*, 386 U.S. 18, 24 (1967) (holding that constitutional errors are harmless only where they are harmless beyond reasonable doubt); *United States v. Jones*, 359 F.3d 921, 924 (7th Cir. 2004) (applying rule from *Chapman*). In our analysis we noted that the indictment charged Gilbert with possessing the gun on November 26, the date that Sherese's home was searched, rather than the date of

the shooting, November 20. *Gilbert*, 391 F.3d at 886. And we observed that the most damaging evidence to show that Gilbert possessed the gun on that date was Sherese's statements. *Id.* Without those statements, the only evidence tending to show that Gilbert possessed the pistol and ammunition on November 26 was his presence in the home where the items were found, Myles's testimony that Gilbert shot a gun six days earlier, and ballistics evidence linking the shell casings found outside Myles's home to the pistol recovered at Sherese's residence. *Id.* at 886-87. Because mere presence in a room where contraband is found cannot by itself establish constructive possession, *e.g., United States v. Thomas*, 321 F.3d 627, 636 (7th Cir. 2003), Myles's testimony and the ballistics evidence was critical. *Gilbert*, 391 F.3d at 886-87. We emphasized that Myles's testimony, if believed, "would indicate that Gilbert at least in the recent past had been in possession of the firearm and ammunition found in the residence," but we also acknowledged that we could not say beyond a reasonable doubt that the jury must have credited Myles or that it would have convicted on that basis. *Id.* Thus, the error was not harmless. *Id.* at 887.

On remand, the government sought and obtained a superseding indictment charging Gilbert with possessing the same firearm (though not the ammunition) but this time changed the date of the alleged possession to November 20, 2000. Gilbert moved to dismiss the superseding indictment and attached to his motion a copy of an unfiled motion he maintains was given to the government during plea negotiations that occurred after we remanded. That unfiled motion sought to dismiss the original indictment on the ground that the government lacked sufficient evidence to prove that Gilbert possessed the gun or ammunition on November 26. The government, apparently under the mistaken belief that Gilbert's proposed motion had already been filed with the district court, submitted a response arguing that the sufficiency issue was prematurely raised. But it was after filing the response that the government obtained the superseding indictment, a fact that Gilbert takes as confirmation of his position concerning the original indictment. And as to the superseding indictment, Gilbert argued that trying him on the charge of possessing the gun on November 20 would violate the Double Jeopardy Clause because a defendant cannot be retried if his conviction has been reversed on appeal for insufficient evidence. *See Burks v. United States*, 437 U.S. 1, 10-11 (1978); *United States v. Rogers*, 387 F.3d 925, 935 (7th Cir. 2004). Gilbert argued that our reversal "strongly suggests" that no rational jury could convict him of possession on November 26 without his wife's excluded statements, and that our opinion, combined with the government's "abandoning the charge" relating to that date, "constitutes the functional equivalent of a reversal for insufficient evidence." The district court surmised that we reversed only because Sherese's statements were wrongly admitted and the error was harmful. Thus, the district court held that since Gilbert obtained reversal only due to the improper admission, rather than the insufficiency, of evidence, he would not be subject to double jeopardy by retrial.

Gilbert renews on appeal his contention that a trial on the charge in the superseding indictment would subject him to double jeopardy. Although Gilbert appeals from an interlocutory order, we have jurisdiction to hear his appeal on the double jeopardy issue because the denial of the motion to dismiss on that ground is immediately appealable. *See Abney v. United States*, 431 U.S. 651, 662 (1977); *United States v. Furlett*, 974 F.2d 839, 842 (7th Cir. 1992). After reviewing the issue de novo, as we must, *see United States v. Ray*, 238 F.3d 828, 835 (7th Cir. 2001), we think it clear that our prior decision reversed Gilbert's conviction for the introduction of inadmissible evidence, not because the evidence was insufficient. Even Gilbert recognizes this; instead of going so far as to assert that we reversed for insufficient evidence, he concedes that our decision concerned an evidentiary error and says only that we "strongly suggested" that there was insufficient evidence. What we held was that a jury could have gone either way on the evidence remaining after the exclusion of Sherese's statements; we never hinted that as a matter of law the evidence could not support a conviction. That is why we remanded for a new trial. In fact, we even noted that the jury could have found that Gilbert constructively possessed the gun if it credited Myles's testimony and the ballistics evidence in combination with Gilbert's presence at his wife's home. *Gilbert*, 391 F.3d at 887. Accordingly, the Double Jeopardy Clause does not bar retrying Gilbert. *See Lockhart v. Nelson,* 488 U.S. 33, 40-42 (1988) (holding that Double Jeopardy Clause permits retrial of defendant where his conviction was reversed for evidence erroneously admitted against him); *Rogers*, 387 F.3d at 935 (same). We need not address, therefore, Gilbert's assertion that the government charged the same offense in its superseding indictment when it simply switched the date Gilbert allegedly possessed the gun from November 26 to November 20, but we note the irony in Gilbert's argument that the indictments charge the *same* offense given his insistence in his first appeal that the November 26 and 20 incidents were *separate*.

That leaves Gilbert's argument that a trial on the superseding indictment would violate the "law of the case" doctrine. His attempt to repackage his argument in terms of the law of the case is unpersuasive. Gilbert cites no authority for the proposition that the law of the case bars the government from obtaining a superseding indictment on remand. Instead, the law of the case doctrine constrains a district court on remand to adhere to this court's rulings on appeal. *See United States v. White*, 406 F.3d 827, 831 (7th Cir. 2005). In Gilbert's original appeal, this court concluded that it was error to admit Sherese's statements against Gilbert. Thus, the law of the case doctrine would prevent the district court from admitting Sherese's statements at Gilbert's new trial. Because his trial has not yet occurred, any true law of the case argument is premature. Accordingly, it is unnecessary to consider the various jurisdictional grounds that Gilbert suggests would allow us to entertain his law of the case argument.

We therefore AFFIRM the denial of Gilbert's motion to dismiss the superseding indictment.